**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

ALICE LAUDERDALE,

       Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC., a Texas corporation,

       Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**<u>JURISDICTION</u>**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**<u>VENUE</u>**

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

**<u>PARTIES</u>**

4. Plaintiff, Alice Lauderdale, is a natural person who resides in the City of Denver, County of Denver, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant, Commercial Recovery Systems, Inc., is a Texas corporation operating from an address at 8035 E. R L Thornton Freeway, Suite 220, Thornton, Texas, 75228.

7.  The Defendant's registered agent in the state of Colorado is Prentice Hall Corporation System, I, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

8.  The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.  The Defendant is licensed as a collection agency by the state of Colorado.

10. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

11. The Defendant regularly attempts to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

12. Sometime before December 2007 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

13. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. The Account went into default with the original creditor.

15. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection from the Plaintiff.

16. In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the telephone calls

and voicemail messages. These telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

17. During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to take the Plaintiff to Court.

18. During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to garnish the Plaintiff's wages.

19. In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account left voicemail messages for the Plaintiff that did not contain the language required by 1692d(6) or 1692e(11).

20. In the year prior to the filing of the instant action a representative, employee and / or agent of the Defendant attempting to collect the Account left a voicemail message. The voicemail message stated: "Terell, its David Silverman. On the 24th of February you told me you were sending $300 for your payment plan. You didn't send it. Chase Auto Finance got in touch with me today. They want me to do an employment verification on both you and Alice. They are going to attempt wage garnishment attachment. I don't want to do that. All you need to do is call me. We will make a payment and they will leave me and you alone. The number to call is 1-800-214-7805. Your reference number is 2446648. Oh, by the way I have also gotten you a hardship settlement offer of $3,500.00. So If you make a

payment or two that will make it down to less than 3k. You need to call the office. Or if not the account is going to be recalled and I can't help anymore and the $9,000.00 is what you are going to owe them. Thank you."

21. This voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

22. On or about March 9, 2009, a representative, employee and / or agent of the Defendant attempting to collect the Account left a voicemail message. The voicemail message stated: "Terell, its David Silverman. On 2/24 you told me that you are going to send me a check for 300 dollars good to 2/27. Today is the, uh, ninth of March. I still don't have the check and sure enough Chase Auto Finance is asking me to do an employment verification on both you and Alice. They are going to attempt wage garnishment attachment. You need to call my office and get in the payment to avoid this happening. I can't help you if I don't talk to you. You need to get extensions. You don't understand. Leaving messages doesn't count. You just need to dial the phone. 1-800-214-7805."

23. This voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

24. The Defendant has not filed any legal action(s) against the Plaintiff.

25. The Defendant has not received any judgment(s) against the Plaintiff.

26. The Defendant has not garnished the Plaintiff's wages.

27.   The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

28.   The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

29.   The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(6)(A), e(6)(B), e(7), e(10) and e(11).

30.   The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

31.   The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

32.   The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

33.   As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages including emotional distress.

## RESPONDEAT SUPERIOR

34.  The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

35.  The representatives and / or collectors at the Defendant were acting within the course and scope of their employment at all times mentioned herein.

36.  The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

37.  The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

38.  As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

39.  The previous paragraphs are incorporated into this Count as if set forth in full.

40.  The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(6)(A), e(6)(B), e(7), e(10), e(11) and § 1692f preface.

41.  The Defendant's violations are multiple, willful and intentional.

42.  Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    Actual damages under 15 U.S.C. § 1692k(a)(1).

2.    Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,


_s/ David M. Larson___ _____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff